**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THERESA GARCIA,

    Plaintiff - Appellant,

v.

RECONDO TECHNOLOGY,

    Defendant - Appellee.

No. 17-1221
(D.C. No. 1:16-CV-01386-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Representing herself, Theresa Garcia appeals from the district court's entry of summary judgment in favor of her former employer, Recondo Technology, on her claims of sexual discrimination and retaliation under Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

The parties are familiar with the facts, so we provide only a brief summary. Garcia alleged that three Recondo employees sexually harassed her, creating a hostile work environment, and that Recondo didn't adequately address the situation.  She claimed one employee, Frank Delgado, made lewd comments to her for several months.  Garcia reported Delgado to Recondo's human resources department after she caught him peeking at her through a hole in her cubicle and telling her she looked nice that day.  Garcia also contended that a co-worker with a cubicle next to hers frequently stared at her and told her she was beautiful, and that she overheard a temporary male worker make lewd comments to another male co-worker.  Garcia further alleged that after she filed a charge about the harassment with the Equal Employment Opportunity Commission (EEOC), Recondo retaliated against her by altering her pay, denying her opportunities to work overtime or work from home, giving her a smaller raise than another co-worker, withholding a health-insurance rebate, and terminating her employment.

The parties filed cross-motions for summary judgment.  The district court denied Garcia's motion and granted Recondo's motion.  The court assumed Garcia had been sexually harassed and that the harassment was severe enough to create a hostile work environment but concluded that no reasonable juror could find Recondo liable for the harassment.  In support, the court relied on evidence it considered undisputed that Garcia's co-workers, not her supervisors, committed the harassment, and that Recondo took prompt and effective remedial action each time Garcia

2

reported the sexual harassment. Therefore, the court concluded, Garcia couldn't establish a prima facie hostile-environment case.

Turning to Garcia's retaliation claim, the district court first concluded that in her EEOC charge, Garcia failed to raise the denial of overtime pay or the lack of a raise commensurate with her co-worker. The court therefore dismissed those aspects of the claim without prejudice for failure to exhaust administrative remedies.

The court next assumed that Garcia established a prima facie case of retaliation as to the other aspects of the retaliation claim but determined that no reasonable juror could find Recondo's explanations pretextual, largely because Garcia provided only conjecture instead of evidence of pretext. In the partial alternative, the court concluded that the termination portion of Garcia's retaliation claim failed because Garcia couldn't establish the causation element of her prima facie case; the supervisor who allegedly retaliated against her, Michele Hutchins, wasn't the Recondo employee who terminated her employment, and the termination occurred roughly eight months after Garcia reported the discrimination.

## II. DISCUSSION

We review an order granting summary judgment de novo, "applying the same standards that the district court should have applied." *Fields v. City of Tulsa*, 753 F.3d 1000, 1008 (10th Cir. 2014) (internal quotation marks omitted). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]e examine the record and all reasonable inferences that

3

might be drawn from it in the light most favorable to the nonmoving party." *Fields*, 753 F.3d at 1009 (internal quotation marks omitted).

Because Garcia represents herself, we construe her filings liberally. Nevertheless, pro se parties must follow the same procedural rules governing other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Federal Rule of Appellate Procedure 28(a) requires an appellant's brief to include, among other things, an "argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8). Importantly, Rule 28 applies equally to pro se litigants. Thus, Garcia's brief must contain more than generalized assertions of error and must include citations to supporting authority. "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Garrett*, 425 F.3d at 841 (alteration and internal quotation marks omitted).

Garcia's opening brief fails to comply with Rule 28(a)(8). Most of her arguments are conclusory, and the only citation to the record she supplies is in support of her contention that the district court erred by changing one of Recondo's affirmative defenses, *see* Aplt. Opening Br. at 8 (citing "R.13"). That citation is to a page in her complaint and offers no readily apparent support for her contention. Such inadequacies generally disentitle a litigant to review, but we retain discretion to consider the appeal. *Garrett*, 425 F.3d at 841. We exercise that discretion here, but only insofar as Garcia provided record citations in her reply brief, and only to the

4

extent those citations provide support for intelligible, nonconclusory arguments for reversal that she advanced in her opening brief. *See Starkey ex rel. A.B. v. Boulder Cty. Soc. Servs.*, 569 F.3d 1244, 1259 (10th Cir. 2009) (explaining that refusal to consider arguments or evidence supporting an argument first advanced in an appellate reply brief "protects us from publishing an erroneous opinion because we did not have the benefit of the appellee's response" (internal quotation marks omitted)); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived, and bald assertions in briefs that there are genuine issues of material fact are insufficient to merit reversal of summary judgment." (citations omitted)).

Only two lines of argument fall within those parameters. The first of these stems from Garcia's contention that Delgado received a management bonus soon after she complained to Recondo about his behavior. But the decision to give Delgado a bonus in the wake of Garcia's complaint doesn't suggest that Recondo failed to effectively remediate the harassment. As the district court explained, it is undisputed that (1) Recondo discussed the situation with Delgado; (2) Delgado agreed that his conduct could be considered inappropriate and that he would change it; and (3) Garcia didn't complain of any further harassment by him. *See* R., Vol. II at 207, 214–15.

Garcia has provided no reasoned argument that the district court erred in that conclusion. Instead, Garcia appears to complain that Recondo gave Delgado a bonus instead of taking more severe steps in disciplining him. But a company is permitted

5

to exercise its judgment in deciding the severity of discipline to impose upon an employee for various types of conduct. *Kendrick v. Penske Tranps. Servs., Inc.*, 220 F.3d 1220, 1233 (10th Cir. 2000). Our role "is . . . not to act as a super personnel department that second guesses employers' business judgments." *Id.* (internal quotation marks omitted).

Relatedly, we will liberally construe Garcia's argument regarding the bonus to include the contention that Delgado was in fact a manager, an argument Recondo addressed in its response brief and for which Garcia has provided supporting record citations in her reply brief. Whether Delgado was a co-worker, as the district court concluded, or a supervisor may affect the analysis regarding Recondo's liability. As the Supreme Court reiterated in *Vance v. Ball State University*, "[i]f the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions." 133 S. Ct. 2434, 2439 (2013). Different rules apply, however, when the harasser is a supervisor:

> If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable. But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

*Id.* Significantly, *Vance* held "that an employee is a 'supervisor' for purposes of [the employer's] vicarious liability under Title VII if he or she is empowered by the employer to take tangible employment actions *against the victim*." *Id.* (emphasis added).

6

As noted, the district court applied the negligence standard based on its view that the undisputed evidence showed Delgado wasn't such a supervisor. In challenging that conclusion, Garcia first points to Exhibit 1 of her motion for summary judgment, but we don't see in that exhibit any information relevant to whether Delgado was a manager. *See* R., Vol. I at 268–69. She also relies on a position statement Recondo filed in response to Garcia's EEOC charge identifying Delgado as a "Data Analytics Reports *Manager*," *id.* at 33 (emphasis added).

Assuming the position statement shows a genuine factual dispute whether Delgado was in fact some sort of manager, it doesn't create a genuine factual dispute regarding the key inquiry—whether Delgado was "empowered by [Recondo] to take tangible employment actions *against [Garcia]*," *Vance*, 133 S. Ct. at 2439 (emphasis added). Garcia hasn't directed us to any evidence that Delgado had such power, and the district court relied on the undisputed affidavit of a human resources administrator explaining that "Delgado was a Business Analyst and worked in the Data Analytics Department," which had different management personnel than the department where Garcia worked, and "[he] had no hiring or firing authority over any employee," including Garcia, and "no power to . . . recommend or substantially influence such actions," R., Vol. II at 146–47. The district court therefore properly considered Recondo's liability under the negligence standard applicable to harassment by a co-worker.

Garcia's next argument concerns the altered-pay aspect of her retaliation claim. *See* Aplt. Opening Br. at 12–13.[1] In her reply brief, Garcia cites two exhibits attached to her motion for summary judgment in support of her claim that her supervisor, Hutchins, shorted her paychecks in various ways in retaliation for her complaint about Delgado. *See* Aplt. Reply Br. at 15. Only one of those exhibits is relevant, comprising multiple emails concerning issues with her pay on numerous occasions and Garcia's summary of those emails, *see* R., Vol. I at 276–327.[2] The district court considered those emails along with affidavits from Recondo employees, including Hutchins, and determined that together, the evidence showed legitimate reasons for the pay issues—difficulties Hutchins had in attempting to correct what she perceived to be problems on Garcia's timesheets, and miscommunications

[1] Garcia hasn't challenged the district court's conclusion that she failed to exhaust two aspects of her retaliation claim (the denial of overtime opportunities and the lack of a raise commensurate with a co-worker). Nor has she challenged the district court's conclusion that she failed to establish the termination portion of that claim because she couldn't establish the causation element of her prima facie case given that Hutchins wasn't the employee who terminated Garcia's employment. Additionally, she hasn't advanced any nonconclusory arguments that the district court erred in considering it undisputed that the change in her ability to work from home was because Recondo had not yet completed establishing a company policy; at the relevant time, Hutchins was only permitting employees living outside the Denver metro area to telework, and Garcia lived within the metro area. Finally, Garcia makes only a conclusory argument regarding Recondo's refusal to pay her a health insurance rebate, suggesting that the district court appeared biased towards her and "creat[ed]evidence" allowing Recondo to keep her United Health rebate. Aplt. Opening Br. at 8. Accordingly, we limit our consideration of her retaliation arguments to the altered-pay issue.

[2] The other exhibit consists of multiple emails about overtime and teleworking, *see id.* at 333–37, and therefore isn't relevant to the altered-pay issue.

between Garcia and Hutchins that were promptly remedied.  The district court observed that Garcia provided only conjecture that those rationales were pretextual. On appeal, Garcia hasn't explained how the exhibits she points us to support her argument that Recondo's explanation for the pay issues was a pretext for unlawful retaliation.  And after reviewing them, we can't say the district court erred in its handling of this portion of Garcia's retaliation claim.  At most, the emails suggest legitimate procedural errors in Hutchins's handling of Garcia's time records that were corrected when Garcia brought them to the attention of Hutchins or other Recondo employees.

### III.  CONCLUSION

The district court's judgment is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge